Judge: Marc L. Barreca
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Barreca's Courtroom
    700 Stewart St #7106
    Seattle, WA 98101
Response Date: September 02, 2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>CYNTHIA LOUISE FOSTER,<br><br><br>        Debtor(s). | IN CHAPTER 13 PROCEEDING<br>NO. 10-17340-MLB<br><br>OBJECTION TO CONFIRMATION<br>OF PLAN AND MOTION TO<br>DISMISS CASE |

      K. Michael Fitzgerald, Chapter 13 Trustee, objects to the confirmation of the debtor's Chapter 13 plan and moves to dismiss the debtor's Chapter 13 case. In support of his Objection and Motion, the Trustee states as follows:

      The debtor filed this case on June 25, 2010. The debtor's Chapter 13 plan dated June 23, 2010 proposes plan payments of $100.00 per month for a plan term of 36 months. The debtor is current on her plan payments. The debtor's original Chapter 13 plan remains unconfirmed at this time and cannot be confirmed as filed since the debtor proposes to remain in bankruptcy for less than the 5 year applicable commitment period for an above median debtor as required by 11 USC §1325(b)(4)(ii). The Trustee objects herein to the debtor's proposed plan payment term of 36 months.

      The debtor's Form B22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income) reflected that the debtor's income is above the state median but that her disposable income calculation resulted in a negative amount of $38.19 per month. The debtors should therefore provide for an applicable commitment period (ACP) of 5 years rather than the 36 month term proposed.

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

1      A recent US Supreme Court decision, an Eleventh Circuit decision, and even local

2 rulings demand that the debtor amend her plan for a 60 month, 5 year ACP plan term and

3 commit all disposable income into the plan for that term. The debtor's plan cannot be confirmed,

4 as it fails to provide for payment of the debtor's projected disposable income over the sixty

5 month ACP.  11 U.S.C. § 1325(b)(4)(ii); Hamilton v. Lanning (In re Lanning), 130 S. CT. 2464

6 (2010).   The Supreme Court observed that 11 U.S.C. § 1325(b)(1)(B) requires projected

7 disposable income to be paid during the applicable commitment period.  Id. at 11.  The Supreme

8 Court rejected the "mechanical approach" to determining a debtor's projected disposable income,

9 but rather adopted a "forward-looking approach" that takes into account a debtor's income as of

10 the effective date of the plan:

11

12         Had Congress intended for projected disposable income to be nothing more
        than a multiple of disposable income in all cases, we see no reason why

13         Congress would not have required courts to determine that value as of the
        filing date of the plan.

14

15  Id. (emphasis in original).  Thus, the debtors must pay in their projected disposable income as

16 determined in their Schedules I and J over the sixty month commitment period, not simply the 36

17 months proposed in her original plan.

18      Similarly, the Eleventh Circuit recently concluded that a plain reading of 11 USC §1325,

19 the Supreme Court's ruling in Lanning, and the Congressional intent behind BAPCPA mandate

20 that above median debtors shall remain in bankruptcy for a minimum of 5 years, unless all

21 unsecured creditor claims are fully paid. Whaley vs. Tennyson (In re Tennyson), 2010 WL

22 2793941 (11th Cir. 2010).

23      Closer to home, Judge Williams in the E.D. of WA issued a well-reasoned opinion in In

24 re Casey, 356 B.R. 519 (Bankr. E.D. Wa. 2006) in 2006.  The Court stated on page 527 that:

25

26      This Court perceives no ambiguity in § 1325(b)(4).  Once the amount of projected

27      disposable income has been determined, whether that be by sole reliance on Form B22C

28      or the Schedules I and J or some other calculation, (b)(1) simply states that it must be

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 2

1  used to pay unsecured claims for an 'applicable commitment period, which, in

2  accordance with (b)(4), is either three (3) years or five (5) years.  Subpart (b)(4) makes no

3  reference to any monetary analysis to be used in determining the length of the plan, but

4  refers to a measurement of time.  It is irrelevant whether the projected disposable income

5  is zero or $1,000 or some other amount.  If unsecured claims are not to be paid in full, the

6  plan must have a length of three (3) years for below-median income debtors and not less

7  than five (5) years for above-median debtors.

8

9  Judge Williams went on to observe on page 527 that in reading "§ 1345(b)(4)(B), the provision

10  that specifically contemplates plans shorter than 3 or 5 years, uses the same temporal terms—a

11  debtor's ACP 'maybe [sic] less than 3 or 5 years . . . but only if the plan provides for payment in

12  full of all allowed unsecured claims over a shorter period."

13

14  As this Court may be aware, Chief Judge Overstreet has very recently also concluded that

15  the plan term for above median debtors is 5 years in several plan confirmation objections brought

16  by the Chapter 13 Trustee; however she has not issued a written opinion on the subject.

17  In summary, Section 1325(b)(4) unequivocally provides that the applicable commitment

18  period shall be "not less than 5 years" if the debtor's current monthly income is not less than the

19  applicable state median for the relevant family size.  The income of the debtor in this case is

20  above the state median and, therefore, the applicable commitment period must be five years.  The

21  debtor must amend her plan to so state as a pre-condition to plan confirmation.

22  The Trustee reserves the right to assert additional bases for his Objection and Motion,

23  such as a potential need to supplement this objection to focus on the Debtor's filed Schedule J

24  which appears may be somewhat inflated and excessive compared to the IRS standards for

25  typical expenses.

26  In the event debtor's plan payments become delinquent after the date this objection and

27  motion are filed, the Chapter 13 Trustee also objects to confirmation and moves to dismiss this

28  case based on debtor's plan payment delinquency.

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 3

1    A proposed Order on this Objection and Motion is attached and incorporated.

2    WHEREFORE, the Chapter 13 Trustee requests that the Court enter an Order denying

3 confirmation of the debtor's Chapter 13 plan and dismissing the debtor's Chapter 13 case.

4

     Dated this 13th day of August, 2010
5
                                          */s/ Scott Crawford*, WSBA #34978 for
6                                          K. MICHAEL FITZGERALD
                                           Chapter 13 Trustee
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO CONFIRMATION                          Chapter 13 Trustee
AND MOTION TO DISMISS - 4                     600 University St. #2200
                                                Seattle, WA 98101-4100
                                           (206) 624-5124 FAX 624-5282