Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

THE HONORABLE MARC L. BARRECA
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>CYNTHIA FOSTER,<br><br>Debtor. | CHAPTER 13<br><br>CASE NO. 10-17340<br><br>DEBTOR'S RESPONSE TO THE CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION |

COMES NOW THE DEBTOR, Cynthia Foster, by and through her attorney, Dorothy A. Bartholomew, and responds to the Chapter 13 Trustee's Objection to Confirmation. In support of this Motion, the attorney pleads as follows.

## STATEMENT OF FACTS

When the debtor filed Chapter 13 on June 25, 2010, her "current monthly income" was $5,948.18, which was above the state median for a two-person household. <u>See Attached Form 22C</u>. The debtor's "current monthly income" consisted of $5,804.18 gross wages and child support averaging $144.00 per month for the six months prior to filing. After deducting 707(b) expenses, however, Line 59 of Form 22C reflected negative disposable income of $38.19 per month.

Response to Trustee's Objection to Confirmation
Page 1 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

Relying on the Ninth Circuit decision in *Kagenveama*, which held that debtors with negative disposable income have no "applicable commitment period," the debtor proposed a 36-month Chapter 13 plan with payments of $130.00 per month. *See*, *Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008). The debtor's plan payments represented the difference between Schedule I actual income and Schedule J expenses. The debtor no longer receives child support; thus, her actual income is $5,804.00, which is still over the state's median income for a family of two. See Attached Amended Schedules I and J.

On June 7, 2010, the United States Supreme Court issued its opinion in *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010). Because the Chapter 13 Trustee, K. Michael Fitzgerald, believes that *Lanning* requires five-year plans of all above-median debtors, he has objected to confirmation.

Response to Trustee's Objection to Confirmation
Page 2 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

ISSUES

I. DOES *HAMILTON V. LANNING*, 130 S.CT. 2464 (2010), REQUIRE ABOVE-MEDIAN DEBTORS TO FILE FIVE-YEAR CHAPTER 13 REPAYMENT PLANS, EVEN IF THE DEBTORS HAVE NEGATIVE "PROJECTED DISPOSABLE INCOME?"

    A. <u>Did Lanning address the issue of "applicable commitment period"?</u>

    B. <u>If *Lanning* did not address "applicable commitment period," is *Kagenveama* still good law in the Ninth Circuit</u>?

II. IF AN ABOVE-MEDIAN DEBTOR HAS NEGATIVE "PROJECTED DISPOSABLE INCOME" ON LINE 59 OF FORM 22C, BUT THE DIFFERENCE BETWEEN SCHEDULES I AND J SHOW A POSITIVE NUMBER, DOES THE DEBTOR HAVE "PROJECTED DISPOSABLE INCOME"?

    A. <u>Where a debtor's "current monthly income" must the debtor deduct only those expenses set forth in 11 U.S.C. § 707(b)</u>.

    B. <u>Must all debtors pay disposable income reported on Line 20c of Schedule J multiplied by 36 to unsecured creditors</u>?

Response to Trustee's Objection to Confirmation
Page 3 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

**ANSWER**

I. *HAMILTON V. LANNING* DOES NOT REQUIRE ABOVE-MEDIAN DEBTORS TO FILE FIVE-YEAR CHAPTER 13 PLANS, WHERE, AS HERE, THE DEBTOR HAS NEGATIVE PROJECTED DISPOSABLE INCOME.

   A. In *Lanning*, the United States Supreme Court held that—under limited circumstances. and for the purpose of establishing "projected disposable income"— courts have discretion to substitute a debtor's actual income for "current monthly income" as a starting point in the "projected disposable income" calculation. *Lanning* did not, however, address the issue presented in this case, which is how to compute "applicable commitment period."

   B. Because *Lanning* did not address "applicable commitment period," *Kagenveama* is still good law in the Ninth Circuit; and, *Kagenveama* holds that debtors with negative "projected disposable income" have "no applicable commitment period."

II. IF AN ABOVE-MEDIAN DEBTOR SHOWS NEGATIVE "PROJECTED DISPOSABLE INCOME" ON LINE 59 OF FORM 22C, BUT THE DIFFERENCE BETWEEN SCHEDULES I AND J IS A POSITIVE NUMBER, THE POSITIVE NUMBER DOES NOT QUALIFY AS "DISPOSABLE INCOME" FOR THE PURPOSE OF DETERMINING "PROJECTED DISPOSABLE INCOME."

   A. Where a debtor's "current monthly income" is above-median, the debtor is limited to the expense deductions set forth in 11 U.S.C. 707(b).

   B. Unless this court is prepared to order that all disposable income reported on Line 20c of Schedule J multiplied by 36 is to be paid to unsecured creditors, then "projected disposable income" must refer to something other than income reported on Line 20c.

Response to Trustee's Objection to Confirmation
Page 4 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

## ANALYSIS

I. IN *LANNING*, THE UNITED STATES SUPREME COURT HELD THAT— UNDER LIMITED CIRCUMSTANCES, AND FOR PURPOSES OF ESTABLISHING "PROJECTED DISPOSABLE INCOME"—COURTS HAVE DISCRETION TO SUBSTITUTE A DEBTOR'S ACTUAL SCHEDULE J INCOME FOR "CURRENT MONTHLY INCOME" TO ESTABLISH "PROJECTED DISPOSABLE INCOME." *LANNING* DID NOT, HOWEVER, ADDRESS THE ISSUE PRESENTED IN THIS CASE, WHICH IS HOW TO DETERMINE A DEBTOR'S "APPLICABLE COMMITMENT PERIOD" UNDER THOSE SAME CIRCUMSTANCES; THUS, *KAGENVEAMA* IS STILL CONTROLLING IN THE NINTH CIRCUIT.

The Chapter 13 Trustee asks the debtor to extend her plan's duration from three to five years because the debtor's "current monthly income" is above the state median. "Current monthly income" is the average monthly income from all sources that the debtor receives during the six-month period preceding the petition date. 11 U.S.C. § 101(10A). To support his position the Trustee relies on the recent United States Supreme Court Opinion published in the case of *Hamilton v. Lanning*, 130 S.Ct. 2464.

Response to Trustee's Objection to Confirmation
Page 5 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

A. <u>*Lanning* did not address the issue of "applicable commitment period."</u>

The Trustee misreads *Lanning* as requiring five-year commitment periods of every above-median debtor. *Lanning* says nothing at all about "applicable commitment period" because "applicable commitment period" was not an issue before the Court. Accordingly, *Lanning* is inapposite.

To assist the court, the debtor has provided below a brief review of Stephanie Lanning's case as it traveled from the bankruptcy court through the Bankruptcy Appellate Panel to the Tenth Circuit Court of Appeals, and, finally, to the United States Supreme Court.

*The Bankruptcy Court*

When Stephanie Lanning filed Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Kansas she reported "current monthly income" of $5,343.00 and actual monthly income of $1,922.00. *In re Lanning*, 2007 WL 1451999, 1 (Bankr. D. Kan. 2007). "Current monthly income is income received in the six-months prior to filing. Actual income is income reported on Schedule I. Income reported on Schedule I is a snapshot of the debtor's actual earnings as of the date of filing.

Response to Trustee's Objection to Confirmation
Page 6 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

Ms. Lanning's "current monthly income" was substantially higher than her actual income as a result of her having received an unusual increase in income during the six months pre-petition. *Lanning*, 2007 WL 1451999 at 1. After performing the 11 U.S.C. § 1325 means test calculation, Form B22C reflected monthly disposable income of $1,114.00. *Lanning*, 2007 WL 1451999 at 2. Because of her drop in income, Ms. Lanning could not pay $1,114.00 per month to unsecured creditors. *Lanning*, 2007 WL 1451999 at 2. Because she could not afford payments of $1,114.00 per month, Ms. Lanning proposed a three-year plan with payments of $144.00 per month, which represented the difference between Ms. Lanning's Schedule I Income and Ms. Lanning's Schedule J Expenses. *Lanning*, 2007 WL 1451999 at 2.

Ms. Lanning's Chapter 13 Trustee objected to her plan because it terminated in less than five years without paying 100% of the claims filed in her case and because she was not paying all of her "projected disposable income" to general-unsecured creditors. *Lanning*, 2007 WL 1451999 at 3. The Trustee argued that Section 1325(b)(2) and Form B22C provide a mechanical test by which a debtor's projected disposable income is to be determined despite any potential for a different result under an I minus J analysis." *Lanning*, 2007 WL 1451999 at 2.

Response to Trustee's Objection to Confirmation
Page 7 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

Ms. Lanning responded that the court had discretion confirm payments of her actual "disposable income," which was the difference between Schedule I income and Schedule J expenses. *See Lanning*, 2007 WL 1451999.

The Objection presented the court with three issues. First, what is the meaning of "projected disposable income;" second, what expenses are to be deducted from "current monthly income;" and third, what is the "applicable commitment period" for a debtor whose "current monthly income" is above median, but whose "actual income" is below median? *Lanning*, 2007 WL 1451999.

Concerning "projected disposable income," the bankruptcy court acknowledged that courts were divided as to the term's meaning. *Lanning*, 2007 WL 1451999 at 4. Some courts had adopted the "mechanical approach" to determining "projected disposable income" while others had adopted the "forward looking approach" to determining "disposable income. *Id.* Under the "mechanical approach," debtors must use "current monthly income" as the starting point for computing "projected disposable income." *Id.* Under the "forward looking approach" courts have discretion to use a debtor's actual ability to pay when determining "projected disposable income." *Id.* Based on its belief that strict adherence to the

Response to Trustee's Objection to Confirmation
Page 8 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

"mechanical approach" would lead to the absurd result that some deserving debtors would be unable to file confirmable chapter 13 repayment plans, the bankruptcy court adopted the "forward looking approach." *Lanning*, 2007 WL 1451999 at 6 (*citing, In re Kibbe*, 207 WL 512753 at pg. 10.).

Concerning expenses, the court was asked to decide "whether it should subtract the expenses shown on Form B22C . . . or those shown on Schedule J, which are allegedly 'actual'." *Lanning*, 2007 WL 1451999 at 7. According to the court, the plain language of the statute requires courts to deduct the expenses set forth in 11 U.S.C. 707(b)(2)(A)&(B) from above-median "current monthly income." *Id.* Instead of deducting 707(b) expenses from Ms. Lanning's actual income, the court deducted Ms. Lanning's schedule J expenses from her actual income. The court apparently decided that Ms. Lanning was a below-median debtor for purposes of determining reasonably necessary expenses. *See, Lanning*, 2007 WL 1451999 at 8.

The bankruptcy court also relied on the statute's plain language to arrive at the meaning of "applicable commitment period." In the court's view section 1325(b)(1)(B) clearly called for a five-year commitment period of all above-median debtors because it spoke

Response to Trustee's Objection to Confirmation
Page 9 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

in temporal rather than mathematical terms. *Lanning*, 2007 WL 1451999 at 7-8. The court bolstered its opinion with reference to policies underlying the bankruptcy code. Specifically, the court opined that a mathematical interpretation of "applicable commitment period" would present a significant departure from pre-BAPCPA practice, which required a minimum of three years' payments. *Lanning*, 2007 WL 1451999 at 8. Also adoption of the mathematical interpretation would allow debtors to cash out unsecured creditors at a discount in less than three years without regard to a debtor's best efforts or the Code's reporting requirements. *Id.* The court also inferred that Congress intended to teach debtors financial discipline by forcing them to live on a budget for five years. *Lanning*, 2007 WL 1451999 at 8. The court ordered Ms. Lanning to file an amended plan (or to agree to an amended plan) that extended her plan's duration to five years. *Lanning*, 2007 WL 1451999 at 9.

### *The Bankruptcy Appellate Panel Opinion*

The Trustee appealed the bankruptcy court's decision to the Tenth Circuit Bankruptcy Appellate Panel. *In re Lanning* 380 BR. 17 (10th Cir. BAP 2007). Ms. Lanning did not file a brief. *Lanning*, 380 B.R. at 19.

Because Ms. Lanning did not participate in the BAP appeal, the only issue before the court was whether the bankruptcy court erred in adopting the "forward looking approach." In a

Response to Trustee's Objection to Confirmation
Page 10 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

footnote, the BAP advised that it would not attempt to discuss "applicable commitment period" because it was not an issue raised on appeal. *See Lanning*, 380 B.R. at 21, fn. 8.

Footnote 8 is set forth below:

> We note that there is some dispute regarding the "applicable commitment period" where an above-median debtor has no Form B22C disposable income. *Compare, e.g., In re Alexander*, 344 BR. 742, 750-51 (Bankr.E.D.N.C.2006), with *In re Beckerle*, 367 BR. 718, 719-20 (Bankr.D.Kan.2007). However, although plan duration was a consideration before the bankruptcy court in the present case, it was not raised as an issue on appeal and, therefore, we do not attempt to resolve it here.

*Id.* The BAP stated that the issue on appeal was as follows:

> May an above-median debtor's "projected disposable income," pursuant to 11 U.S.C. § 1325(b)(1)(B), deviate from "current disposable income" determined under Form B22C, where the debtor establishes such a significant change in circumstances that "current disposable income" does not accurately or fairly project her future ability to pay creditors?

*Lanning*, 380 B.R. at 12. The BAP affirmed the bankruptcy court's decision. *Lanning*, 380 B.R. at 25.

### *The Tenth Circuit Opinion*

The Trustee then appealed the BAP's decision to the Tenth Circuit Court of Appeals. *See, In re Lanning*, 545 F.3d 1269 (CA 10 2008). Once again Ms. Lanning did not

Response to Trustee's Objection to Confirmation
Page 11 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

participate in the appeal; and, once again neither "applicable commitment period" nor what to deduct on the expense side of the "projected disposable income" calculation were before Court of Appeals. *See, Lanning*, 545 F.3d 1269 fn. 4. Footnote 4 makes it clear that the Court of Appeals left open these two issues. Footnote 4 reads, in pertinent part as follows:

> The ruling on the relevant duration of the commitment period is not at issue in this appeal. Also not at issue is the bankruptcy court's holding that Ms. Lanning's Form B22C expenses were the relevant expenses for purposes of arriving at her "projected disposable income," even though those expenses were greater than her actual, Schedule J expenses.

*Lanning*, 545 F.3d at 1273, fn. 4.

Concerning the only issue before the court, which was whether courts had discretion to substitute "actual income" for "historical income" when determining "projected disposable income," the Tenth Circuit held that, "as to the income side of the § 1325(b)(1)(B), the starting point for calculating a Chapter 13 debtor's "projected disposable income" is presumed to be the debtor's "current monthly income," as defined in 11 U.S.C. § 101(10A)(A)(I), subject to a showing of a substantial change in circumstances." *Lanning* 545 F.3d at 1282. Where a debtor showed a "substantial change in circumstances" between the income received during the six-month period prior to filing and "actual income" as reported on Schedule I, the Court

Response to Trustee's Objection to Confirmation
Page 12 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

had discretion to substitute "actual income" for "current monthly income" as the starting point in the "projected disposable income" calculation. *Lanning*, 545 F.3d at 1282.

### *The United States Supreme Court Opinion*

After the Tenth Circuit affirmed the BAP, the Trustee petitioned the United States Supreme Court for review. On review, the Supreme Court appointed counsel for Ms. Lanning.

Lanning did not, however, appeal the bankruptcy court's ruling that the Code required her to file a five-year chapter 13 plan. Consequently the sole issue before the Supreme Court was whether the Tenth Circuit erred in adopting the "forward-looking" approach to arriving at "current monthly income."

The Court affirmed the decision of the Court of Appeals stating, "Consistent with the text of § 1325 and pre-BAPCPA practice, we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income **or expenses** that are known or virtually certain at the time of confirmation. *Lanning*, 130 S.Ct. at 2478 (emphasis added.).

Because the expenses were not an issue, the Court's statement concerning expenses is

Response to Trustee's Objection to Confirmation
Page 13 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew  
WSBA No. 20887  
DOROTHY BARTHOLOMEW, PLLC  
5310 12th Street East, Suite C  
Fife, Washington 98424  
Phone: (253) 922-2016  
FAX: (253) 922-2053  

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

*dicta*.

To sum up, the United States Supreme Court has left open at least two issues; i.e., which expenses should courts deducted from "actual income" in the event the court decides to substitute "actual income" for "current monthly income," and which income—"actual income" or "current monthly income" does the court use to establish a debtor's "applicable commitment period."

    B.    <u>Because *Lanning* did not address "applicable commitment period," *Lanning* did not overturn the Ninth Circuit's decision in *Maney v. Kagenveama* (*In re Kagenveama*), 541 F.3d 868 (9th Cir. 2008), and because the debtor has negative disposable income, she has no "applicable commitment period."</u>

The Trustee apparently believes that *Lanning* overturned *Maney v. Kagenveama (In re Kagenveama),* 541 F.3d 868 (9th Cir. 2008). Although *Lanning* may have overturned the Ninth Circuit's use of the "mechanical approach" to establishing "projected disposable income," as noted above, *Lanning* did overturn *Kagenveama's* ruling concerning "applicable commitment period" because *Lanning* did not address "applicable commitment period." *See, Kagenveama*, 541 F.3d at 872. *Kagenveama* is still controlling law in the Ninth Circuit.

Response to Trustee's Objection to Confirmation  
Page 14 of 20  
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

In *Kagenveama*, the Ninth Circuit held that "the 'applicable commitment period' requirement is inapplicable to a plan submitted voluntarily by a debtor with no "projected disposable income.'" *Kagenveama*, 541 F.3d at 876. Referring to the plain statutory language, the court concluded that the term "applicable commitment period" exists for the sole purpose of establishing payments to unsecured creditors." *Kagenveama*, 541 F.3d at 876. Thus, according to the court, without "projected disposable income," a debtor has no "applicable commitment period." *Kagenveama*, 541 F.3d at 876.

This Court is bound by decisions rendered by the Ninth Circuit Court of Appeals until overturned by the United States Supreme Court. *Cf.*, *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir 1987) (Decisions rendered by a district court of appeals are binding on all inferior courts in that circuit). This is true even if the Ninth Circuit's opinion conflicts with the opinion entered by another circuit court of appeals and the bankruptcy court believes that the Ninth Circuit is in error. *Id.*; *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1980).

Response to Trustee's Objection to Confirmation
Page 15 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

In light of *Kagenveama*, the debtors have no "applicable commitment period," and this court should confirm the debtor's three-year plan.

II. JUST BECAUSE A DEBTOR VOLUNTEERS PAYMENTS," IT DOES NOT FOLLOW THAT THE DEBTOR HAS "DISPOSABLE INCOME" WITHIN THE MEANING OF 11 U.S.C. § 1325. "DISPOSABLE INCOME" IS A TERM OF ART UNDER BAPCPA, WHICH DEFINES "DISPOSABLE INCOME" AS "CURRENT MONTHLY INCOME" LESS REASONABLY NECESSARY EXPENSES. FOR ABOVE-MEDIAN DEBTORS, REASONABLY NECESSARY EXPENSES ARE THOSE LISTED IN 11 U.S.C. § 707(b).

The Trustee asserts that projected disposable income exists in every chapter 13 case otherwise there would be no income with which to make plan payments. But this argument ignores BAPCPA's definition of disposable income.

    A. <u>Where a debtor's "current monthly income" is above-median, the debtor is limited to the expense deductions set forth in 11 U.S.C. 707(b)</u>.

The Code defines "disposable income" as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependant of the debtor . . . ." 11 U.S.C. § 1325(b)(2). The term

Response to Trustee's Objection to Confirmation
Page 16 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

"current monthly income" means "the average monthly income from all sources that the debtor receives . . . derived during the 6-month period ending on . . . the last day of the calendar month immediately preceding the date of the commencement of the case . . . ." 11 U.S.C. § 101(10)(A). The amount reasonably necessary to be expended "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income . . ." above median. 11 U.S.C. 1325(b)(3). Because Ms. Foster's income is above the state median, the plain language of the code requires that she deduct from her "current monthly income" expenses set forth in 11 U.S.C. § 707(b)(2)(A) & (B). The calculation results in negative disposable income.

The Trustee wants to skirt around the Code by mixing and matching components of two distinct larger wholes. When determining the debtor's "current monthly income," the Trustee decides that the debtor is above-median; but, when determining the debtor's expenses, the trustee decides that the debtor is "below median." This court should not countenance this arbitrary practice.

Response to Trustee's Objection to Confirmation
Page 17 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

    B.    <u>Unless this court is prepared to order that all disposable income reported on Line 20c of Schedule J multiplied by 36 is to be paid to unsecured creditors, then "projected disposable income" must refer to something other than income reported on Line 20c</u>.

Before Congress passed BAPCPA, there was only one chapter 13 plan length. That plan length was three years. Any debtor could drop out of his or her plan in less than three years by paying all filed claims in full, or debtors could extend their plans to five years maximum if they needed extra time to complete their plan.

When Congress added the second commitment period, it also devised a formula for calculating "projected disposable income." The starting point for calculating "projected disposable income" is "current monthly income." Then, from "current monthly income" debtors deduct reasonably necessary expenses.

Prior to the enactment of BAPCPA, whether an expense was reasonable and necessary expenses was decided on a case-by-case basis. And prior to BAPCPA projected disposable income—in other words, Schedule I net income minus Schedule J expenses—was ***to be***

Response to Trustee's Objection to Confirmation
Page 18 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

**THE HONORABLE MARC L. BARRECA**
Chapter: 13
Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

*applied to make payments under the plan*. Former 11 U.S.C. § 1325(b)(1)(B). (Emphasis added.). The former Code did not require debtors to pay projected disposable income to unsecured creditors. To the contrary, projected disposable income was only to be paid "under the plan." *Id.* In other words, payments under the plan could be devoted exclusively to secured creditor's claims.

When Congress added a second commitment period, is also established a second set of rules for determining "projected disposable income." For the debtor with above-median "current monthly income," the Code directs that "amounts reasonably necessary to be expended shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) . . . ." 11 U.S.C. § 1325(b)(3). Section 707(b)(2)(A)(ii) sets forth a formula for calculating debtor's expenses. 11 U.S.C. § 707(b)(2)(A)(ii).

Unless this court is prepared to order that all disposable income reported on Line 20c of Schedule J multiplied by 36 is to be paid to unsecured creditors, then "projected disposable income" must refer to something other than income reported on Line 20c. It is the debtor's position that "projected disposable income" refers to amounts that must be paid to unsecured creditors. The debtor further asserts that below median debtors in a three-year commitment

Response to Trustee's Objection to Confirmation
Page 19 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd

Dorothy A. Bartholomew
WSBA No. 20887
DOROTHY BARTHOLOMEW, PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Phone: (253) 922-2016
FAX: (253) 922-2053

Hearing Date: September 09, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: September 02, 2010

period have no obligation to pay unsecured creditors. It follows that if Form 22C reflects an above-median debtor with negative disposable income, then the debtor has a three-year commitment period (or less under Kagenveama).

## CONCLUSION

This court should confirm the debtor's Chapter 13 plan even though the debtor's current monthly income is above the state's median because the debtor has negative disposable income and *Kagenveama* states that there is no commitment period where the debtor has no disposable income. *Lanning* did not overrule *Kagenveama*. The fact that Ms. Foster has put herself on a tight budget so she can afford to make a chapter 13 plan payment does not mean that she has disposable income within the meaning of the Bankruptcy Code. This Court should confirm Ms. Foster's three-year chapter 13 plan.

DATED: September 2, 2010          /s/ Dorothy A. Bartholomew
                                  Dorothy A. Bartholomew
                                  WSBA No. 20887
                                  DOROTHY BARTHOLOMEW, PLLC
                                  5310 12th Street East, Suite C
                                  Fife, WA 98424
                                  Attorney for Cynthia Foster

Response to Trustee's Objection to Confirmation
Page 20 of 20
S:\CLients filing\F\FO\Foster, Cindy\Post 341\Responses to Motions\backup.wpd